### CENTRAL DEVELOPMENT CO. v. W. K. EWING CO., Inc., et al.

#### No. 10243.

Court of Civil Appeals of Texas. San Antonio.

Feb. 2, 1938.

Rehearing Denied March 3, 1938.

E. S. J. Whitehead, of San Antonio, for appellant.

Brooks, Napier, Brown & Matthews and Clinton G. Brown, Jr., all of San Antonio, for appellees.

SMITH, Chief Justice.

Appellant, Central Development Company, will be referred to as plaintiff, and W. K. Ewing Company, Inc., as defendant, according to their designation below. Horace Chambers, trustee, was a nominal party, and need not be further mentioned.

On August 1, 1934, plaintiff executed and delivered its note for $48,544.87, payable to the order of defendant, and on the same day executed its deed of trust upon certain real property, naming Frank Wolff as trustee, to secure the payment of said note.

On November 14, 1934, plaintiff executed a second note for $8,233.30, payable to defendant, and secured the same by a deed of trust, to constitute a second lien upon the same property, naming the same trustee, Wolff. On the latter date plaintiff also executed an assignment to defendant of all rents on hand and to be collected upon said property, as additional security for said notes.

Subsequently, upon a date not shown in the record, defendant sold and transferred the first, and larger, note, to some party whose name does not appear in the record.

It appears that some rents were collected by defendant from said property, and applied upon the first note, although the amounts so collected were not sufficient to pay the accruing interest thereon. Nothing was paid on the second lien note.

Upon plaintiff's default on the second note, the land was sold by a substitute trustee under the power of sale given in the deed of trust thereon, at which sale the property was struck off to defendant for $2,000, and defendant now claims title under the substitute trustee's deed.

On the day before the trustee's sale to defendant, plaintiff instituted this suit against defendant, in the form of trespass to try title, and on the same day filed lis pendens notice of the suit. The cause was tried before the court without a jury, and resulted in judgment awarding title and possession to defendant. Plaintiff appealed.

■ It is first contended by plaintiff that as this suit was instituted on the day before the trustee's sale of the land, the trial court acquired exclusive jurisdiction of the matters in controversy, and that therefore the trustee's sale was void. We overrule the contention. The filing of the suit in trespass to try title, even if it actually antedated the sale under the deed of trust, would not, of itself, affect or impair defendant's right of foreclosure. Of course, if it had been shown in the suit that plaintiff had title regardless of defendant's rights under the deed of trust, foreclosure under the latter would be ineffectual to defeat that title. The record here discloses that defendant was entitled to foreclose its lien, and the filing of plaintiff's suit on the day before the foreclosure of that lien had no effect upon the title of the purchaser at the foreclosure sale. This is obvious and elemental.

■ Plaintiff asserts that the trustee had no power to sell at the request of the holder of the second lien note, so long as the first lien note was outstanding and "not in possession of the creditor or beneficiary in the trust deed." The point sought to be raised under this proposition is not made clear. If we get the point, it

is generally stated, that foreclosure of the second lien note could not be had without a foreclosure at the same time upon the first lien note, held by a third party. There is no merit in the contention.

■ Plaintiff's third proposition is that "one agreeing to pay notes out of certain fund should pay as they mature." The proposition is purely an abstract one, and presents no specific question for review, as is also plaintiff's fourth proposition, that "mortgage of realty is not a common law conveyance on condition but is merely security for debt," and the fifth proposition, which is, that "sale by trustee is subject to collateral attack because it is a harsh remedy." The purely abstract nature of those propositions, coupled with the insufficiency of the statements under them, prohibit their consideration as propositions of law on appeal.

■ Frank Wolff was president of defendant corporation, as well as the trustee named in the deed of trust under which foreclosure was had. Mark E. Watson was vice president of the corporation, and Horace Chambers, one of its employees. When the time was ripe for foreclosure, Wolff declined to act as trustee, whereupon Watson, defendant's vice president, appointed Chambers as substitute trustee, and Chambers made the sale under the power conferred in the deed of trust upon the trustee, or his substitute, in event the trustee declined to serve. Plaintiff complains of this procedure, contending that Watson was without power to make the appointment. We overrule this contention. Watson was fully empowered, both under the terms of the deed of trust and under the provisions of the corporation's by-laws, to appoint a substitute trustee, in event of the refusal of the trustee to act.

■ Finally, plaintiff complains of the inadequacy of the price, $2,000, at which the security was sold at trustee's sale. The property was valued at $50,000, and was incumbered for approximately that amount, including interest and other items, over and above the note in default of which the foreclosure was had. We cannot say the trial court abused his discretion in making the implied finding that the price at which the land was bought in by defendant was not inadequate.

The judgment is affirmed.